# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD BERRY, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:16-cv-05088-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br> ECF Nos. 14, 16 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 14, 16. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 14), in part, and denies Defendant's motion (ECF No. 16).

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his limitations, 20 C.F.R. §§ 404.1545(a)(1);

416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

1  capable of performing other work; and (2) such work "exists in significant

2  numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2);

3  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on September 25, 2012, alleging a disability onset date of December 28, 2011. Tr. 191-202, 217. The applications were denied initially, Tr. 139-46, and on reconsideration, Tr. 148-52. Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on October 29, 2014. Tr. 36-85. On December 22, 2014, the ALJ denied Plaintiff's claim. Tr. 19-31.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 28, 2011. Tr. 21. At step two, the ALJ found Plaintiff has the following severe impairments: depressive disorder, not otherwise specified; anxiety disorder, not otherwise specified; borderline intellectual functioning; intermittent explosive disorder; and poly substance abuse. Tr. 21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 22. The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> He can understand and remember simple and detailed job instructions.
> He can perform simple, routine and repetitive tasks as well as well

learned detailed tasks. He would need additional time to learn new tasks, processes and procedures. He would learn best by demonstration, hands-on and verbal instructions. He should not be subject to more than average production standards. He can maintain attention and concentration for two-hour intervals and complete those tasks without more than the normally expected brief interruptions. He would be off-task less than 10 percent of the time. He would work best away from the public and with superficial interaction with coworkers and supervisors.

Tr. 24. At step four, the ALJ found that Plaintiff is able to perform relevant past work as a merchandise deliverer, a security guard, and a hand packager. Tr. 29. In the alternative, the ALJ found at step five that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform within his assessed RFC, such industrial cleaner and kitchen helper. Tr. 29-30. Additionally, the ALJ found that even if the RFC included a limitation to the light work that claimant could perform the jobs of housekeeping cleaner and packing line worker. Tr. 30. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the adjudicative period. Tr. 30.

On May 4, 2016, the Appeals Council denied review, Tr. 1-7, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying his disability insurance benefits under Title II and supplemental security income

benefits under Title XVI of the Social Security Act.  ECF No. 14.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly considered Listing 12.05C;

2.  Whether the ALJ properly weighed the opinion evidence;

3.  Whether the ALJ properly assessed Plaintiff's RFC; and

4.  Whether the ALJ properly considered Plaintiff's symptom reports.

ECF No. 14 at 4.

## DISCUSSION

**1.  Listing 12.05C**

Plaintiff challenges the ALJ's determination that he did not meet Listing 12.05C.  ECF No. 14 at 4-8.

Listing 12.05[1] explains that "[i]ntellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence

---

[1] On January 17, 2017, new 12.00 listings took effect.  However, the Social Security Administration has directed that district courts reviewing decisions dated before January 17, 2017 apply the prior versions of the listings.  *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138, 66160–62 (Sept. 26, 2016).

demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. It then goes on to state the "[t]he required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied." *Id*. Section C requires that two conditions be met: (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70" and (2) "a physical or other mental impairment imposing additional and significant work-related limitation of function." *Id*. The Ninth Circuit has held that the introductory paragraph of 12.05 is not met by meeting the two prongs of 12.05C, but actually establishes a separate prong itself. *Kennedy v. Colvin*, 738 F.3d 1172, 1175-76 (9th Cir. 2013). Therefore, a claimant must establish the following three prongs to prove he meets Listing 12.05C: (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 through 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation. *Id*.

In considering Listing 12.05, the ALJ made the following findings:

> Turning back to listing 12.05, the requirements in paragraph A are met when there is mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded. In this case, these requirements are not met because the claimant has no difficulty managing his personal needs. As for the "paragraph B" criteria, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 59 or less. Finally, the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have

> a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Tr. 24. Additionally, earlier in the decision the ALJ found that paragraph D was not met. Tr. 23-24.

Nowhere in the decision does the ALJ address the introductory paragraph of 12.05 which the Ninth Circuit has identified as the first prong. Plaintiff alleges that in making no finding as to the first prong of 12.05C, the ALJ effectively found that he met that prong. ECF Nos. 14 at 6-7; 18 at 2-3. This assertion is unfounded and illogical. Plaintiff is asking this Court to find that that there is an assumption of disability until the ALJ proves otherwise. This Court will not. The Ninth Circuit has made it clear that Plaintiff holds the burden of proof at steps one through four. *Tackett*, 180 F.3d at 1098.

Defendant asserts that by not finding an intellectual disability severe at step two and by giving great weight to Dr. Toews' testimony, the ALJ adequately addressed the first prong of 12.05C. ECF No. 16 at 4. This assertion is non-persuasive for two reasons. First, Listing 12.05 does not require a specific diagnosis to meet the criteria. Here, the Court accepts the Eight Circuit's decision in *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006), in relying on the plain language of the Listing to determine that no formal diagnosis of mental retardation, which was the title of Listing 12.05 at that time, is required to meet the listing

1 criteria. *See Whiteside v. Colvin*, No. CV-11-243-RHW, WL 5373040, at *4 (E.D.

2 Wash. September 25, 2013). Second, had the ALJ's step two determination that

3 borderline intellectual functioning was a severe impairment excluded the

4 possibility of Plaintiff meeting Listing 12.05, as Defendant asserts, the ALJ would

5 not have addressed the Listing in his determination. Additionally, Defendant's

6 assertion that the ALJ relied on Dr. Toews' testimony in finding that Plaintiff

7 failed to meet Listing 12.05C is a *post hoc* rationalization. The ALJ did not

8 address Dr. Toews' testimony in his consideration of Listing 12.05C. Tr. 24.

9 Therefore, this argument cannot be considered. *See Orn v. Astrue*, 495 F.3d 625,

10 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ

11 in the disability determination and may not affirm the ALJ on a ground upon which

12 he did not rely.")

13       As such, this Court finds that the ALJ erred in his failure to make any

14 determination as to the first prong of 12.05C. This error is harmful as the parties

15 agree that the ALJ erred in his determination as to the second prong of 12.05C. As

16 addressed above, the ALJ found that Plaintiff "does not have a valid verbal,

17 performance, or full scale IQ of 60 through 70 and a physical or other mental

18 impairment imposing an additional and significant work-related limitation of

19 function." Tr. 24. However, on November 20, 2012, Lynn M. Orr, Ph.D.

20 completed a psychological evaluation that included intelligence testing through the

Wechsler Adult Intelligence Scale, Fourth Edition. Tr. 372-77. Plaintiff had a Verbal Comprehension score of 70. Tr. 375. Defendant concedes that the ALJ erred in his 12.05C findings as to Plaintiff's IQ scores. ECF No. 16 at 5.

Therefore, this case is remanded for additional proceedings to allow the ALJ to make a new step three determination as to Listing 12.05C. Plaintiff urges this Court to remand for an immediate award of benefits based on the ALJ's error at step three. ECF No. 14 at 8. However, the issue of whether or not Plaintiff can establish the existence of the subaverage general intellectual functioning that was present prior to age 22 is unresolved. *See Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2015) (For a district court to remand a case for an award of benefits, it must find that the record is fully developed and there are no essential factual issues to resolve.). Therefore, this case is remanded for further proceedings.

**2. Opinion Evidence**

Plaintiff faults the ALJ for failing to consider the statements of lay witnesses and discounting the opinions of Dr. Orr and Chad Longaker, M.Ed. ECF No. 14 at 8-14.

*A. Lay Witnesses*

Plaintiff alleges that the ALJ erred in only considering a statement provided by Plaintiff's wife to the exclusion of five other statements from Plaintiffs friends and family. ECF No. 14 at 13-14.

1  Lay witness testimony is "competent evidence" as to "how an impairment

2  affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454

3  F.3d 1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19

4  (9th Cir. 1993) ("[F]riends and family members in a position to observe a

5  claimant's symptoms and daily activities are competent to testify as to [his]

6  condition."). An ALJ must provide "germane" reasons to discount evidence from

7  lay witnesses. *Dodrill*, 12 F.3d at 919.

8  At the time of the ALJ's decision, these five statements were not part of the

9  administrative record. *See* Tr. 34 (showing that the record at the time of the

10 decision only consisted of Disability Related Development exhibits through 16E);

11 Tr. 309-19 (containing five statements from Plaintiff's friends and family

12 identified as exhibit 18E). As such, the ALJ could not have considered these

13 statements at the time of his determination. That being said, this Court must

14 consider this evidence in determining whether the ALJ's determination was

15 supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 628

16 F.3d 1157, 1163 (9th Cir. 2012).

17 As discussed above, this Case is being remanded for the ALJ to properly

18 address Listing 12.05C. As part of the remand, the ALJ will properly consider and

19 address these statements.

20

*B. Dr. Orr*

Dr. Orr completed a psychological evaluation on November 20, 2012. Tr. 372-77. She diagnosed Plaintiff with cannabis dependence in sustained full remission, amphetamine dependence in sustained full remission, alcohol dependence in sustained full remission, intermittent explosive disorder, and borderline intellectual functioning. Tr. 375. Dr. Orr provided the following medical source statement regarding Plaintiff:

> He tends to be somewhat immature with little sophistication in coping. He tended to minimize his history of conflict with legal authorities and chemical dependency. He has a sporadic work history and has tended to move frequently. With the limits intellectually he will be limited in employment options. He will need to do simple redundant tasks. He will need instructions and other information repeated. He will have a slow learning curve. He should not be placed in a position where quick judgments are necessary to avoid safety hazards.

Tr. 376.

The ALJ gave Dr. Orr's opinion "some weight" finding that claimant was capable of performing some complex detailed tasks based on his reported ability to play cards, build models, and perform auto repairs for extended periods. Tr. 27. The statements from witnesses discussed above speak to Plaintiff's ability to perform some of these activities, such as playing card games, Tr. 312, and performing auto repairs, Tr. 313, 317. As such, on remand the ALJ is instructed to readdress Dr. Orr's opinion considering the evidence submitted since the prior

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

determination.

*C. Dr. Longaker*

On July 17, 2014, Dr. Longaker completed a Mental Source Statement opinion that Plaintiff had a severe limitation in six areas of functioning, a marked limitation in two areas of functioning and a moderate limitation in an additional two areas of functioning. Tr. 519-21. He opined that Plaintiff had a marked limitation in all three functional areas of the B Criteria. Tr. 521. Additionally, Dr. Longaker opined that even a minimal increase in mental demands or change in environment would cause Plaintiff to decompensate. *Id*. He stated that Plaintiff would likely be off-task during a forty hour week schedule twenty-one to thirty percent of the time and he would likely miss three days of work a month. *Id*.

The ALJ gave Dr. Longaker's opinion little weight because it was inconsistent with the objective evidence and it appeared to be based largely on Plaintiff's subjective and unreliable complaints regarding his mental impairments. Tr. 28. Considering the case is being remanded and additional evidence has been made a part of the record, the ALJ is instructed to readdress Dr. Longaker's opinion on remand.

*D. Nonexamining Opinions*

Additionally, Plaintiff challenged the ALJ's reliance on the opinions of nonexamining phycologists, Thomas Clifford, Ph.D. and Jay Toews, Ed.D. ECF

1 No. 14 at 14. Considering the record now contains evidence that these

2 psychologists did not have the opportunity to review, the ALJ will readdress the

3 weight assigned to these opinions on remand.

**3. RFC**

Plaintiff alleges that the ALJ's RFC determination is no longer supported by substantial evidence due to new evidence submitted to the Appeals Council. ECF No. 14 at 15-16.

After the ALJ's decision, Plaintiff submitted additional medical evidence from Kadlec. Tr. 523-625. The Appeals Council considered these records when deciding to deny Plaintiff's request for review. Tr. 2. As such, this Court must consider these records in determining whether the ALJ's decision is supported by substantial evidence. *Brewes*, 628 F.3d at 1163. Considering the case is being remanded for the ALJ to properly address Listing 12.05C at step three, the ALJ will also make a new RFC determination upon remand addressing the new medical evidence.

**4. Adverse Credibility Finding**

Plaintiff faults the ALJ for failing to provide specific, clear and convincing reasons for discrediting his symptom reports. ECF No. 14 at 16-20.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptom alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he]need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [he] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms. Tr. 25. However, the ALJ further found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible because (1) his allegations were inconsistent with the objective evidence and (2) his allegations were inconsistent with his reported activities. Tr. 25-26.

Considering the case is being remanded for the ALJ to further address Listing 12.05C and there is additional evidence to consider that includes objective medical evidence and statements concerning plaintiff's reported activities, the ALJ will make a new credibility determination upon remand.

**5. Remand**

Plaintiff urges the Court to remand this case for an immediate award of benefits. ECF No. 14 at 8. To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address whether Plaintiff meets Listing 12.05C, to properly weigh the medical opinions in the file, to form a new RFC determination considering the new evidence in the record, and to properly address Plaintiff's symptoms reports. The ALJ is instructed to supplement the record with any outstanding evidence and take testimony from psychological, medical, and vocational experts at a remand hearing.

## CONCLUSION

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 14) is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this order.

2. Defendant's motion for summary judgment (ECF No. 16) is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE THE FILE.**

DATED September 25, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE